**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:26-cr-60(1) |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| RA'CHE AMOS, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER PURSUANT TO 18 U.S.C. § 3145(b) (DOC. NO. 68)**

---

Before the Court is the Defendant Ra'Che Amos' ("Defendant") Motion to Revoke Detention Order Pursuant to 18 U.S.C. § 3145(b) (the "Motion") (Doc. No. 68). For reasons outlined below, the Court **DENIES** Defendant's Motion and **ORDERS** that Defendant remain detained in federal custody pending trial.

## I. BACKGROUND

On June 11, 2026, the Grand Jury returned an Indictment against Defendant for conspiracy in violation of 18 U.S.C. § 371 ("Count 1"); knowingly or intentionally distributing drugs in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and (b)(1)(C) ("Counts 2–7"); knowingly carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1)(A) ("Count 8"); trafficking in firearms in violation of 18 U.S.C. § 933(a)(1) and (a)(3) ("Count 9"); knowingly receiving or transferring a firearm in violation of 18 U.S.C. § 924(h) ("Count 10"); knowingly possessing a firearm while a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and knowingly possessing machine guns in violation of 18 U.S.C. §§ 933(o) and 924(a)(2). (*See* Doc.

No. 8 at PageID 132–44.) Pursuant to the Government's motion (Doc. No. 14), Magistrate Judge Caroline Gentry held a detention hearing on June 16, 2026. (*See* Minute Entry, 6/16/2026.) Following the detention hearing, Magistrate Judge Gentry ordered that Defendant remain detained pending trial. (*See generally* Doc. No. 42.) Defendant subsequently filed his Motion, seeking revocation of his detention order. (Doc. No. 68.) The Court held a hearing on Defendant's Motion, where it heard argument from both Parties regarding Defendant's request for revocation of the detention order. After taking the matter under advisement at the time of the hearing, the Court now finds that the instant matter is ripe for disposition.

## II. LEGAL STANDARD

The procedural vehicle employed by Defendant's Motion in pursuing the instant review is by way of 18 U.S.C. § 3145, which provides, in relevant part:

> If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). "This Court reviews de novo an appeal from a magistrate judge's order of release or detention." *United States v. Fata*, No. 13-30484, 2013 WL 4084765, at *5 (E.D. Mich. Aug. 13, 2013) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)). In other words, after conducting a hearing, if the reviewing "judicial officer finds that no condition or combination will reasonably assure the appearance of the person as required and the safety of any other persons and the community, such judicial officer shall order the detention of the person before the trial." 18 U.S.C. § 3142(e). Put simply, "[e]ither finding—flight risk or community danger—can support detention." *United States v. Brown*, 601 F. Supp. 3d 196, 200 (W.D. Ky. 2022). However, as here, "[t]here is a rebuttable presumption in favor of pretrial detention if there is probable cause to believe that the defendant committed an offense set forth in 18 U.S.C. § 3142(f) . . . ." *United*

*States v. Rodgers*, No. 10-20770, 2011 WL 13390138, at *1 (E.D. Mich. Apr. 22, 2011); *see also* 18 U.S.C. § 3142(f)(1)(C) ("[A]n offense for which a maximum term of imprisonment of ten years of more is prescribed in the Controlled Substances Act . . . ."). While the "presumption in favor of detention imposes only a burden of production on the defendant, [] the government retains the burden of persuasion." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

## III. ANALYSIS

As mentioned, the Court held a hearing on October 7, 2026, where it heard argument from both Parties regarding Defendant's request for bond reconsideration. By way of new evidence, Defense Counsel called Rakisha Bragg, Defendant's mother, who attested to her willingness to serve as a third-party custodian and house Defendant in the event of his release. Apart from Ms. Bragg's testimony, the Defense presented no new evidence that was not presented at the initial detention hearing. The mere existence of a willing third-party custodian is insufficient to overcome the onerous presumption favoring detention. *See United States v. Faulkner*, No. 2:22-CR-20074, 2022 WL 2663849, at *2 (E.D. Mich. July 11, 2022). As Magistrate Judge Gentry concluded at the initial detention hearing, the fact of the matter remains: considering Defendant's criminal history, his history of failing to appear, and the gravity of the offense at issue, there are simply no bond conditions that could assure the Court that Defendant is not likely to flee and does not pose a risk of danger to the community.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Revoke Detention Order (Doc. No. 68) and **ORDERS** that Defendant remain detained in federal custody pending trial.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 13, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE